Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## SEALED BY THE ORDER OF THE COURT

United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 7 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

U.S.A. vs. KAWIKA W. FRANCO     Docket No. CR 03-00223HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KAWIKA W. FRANCO who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 28th day of January 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program, including anger management, at the discretion and direction of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**Revocation**: On 6/24/2005, the offender appeared for revocation proceedings and admitted: 1) that on 5/26/2005, he used methamphetamine on or about 5/22/2005, and that on 6/9/2005, he used methamphetamine on or about 6/7/2005; and 2) that on 6/8/2005, he refused to comply with drug testing. The Court allowed defense counsel a 30-day continuance to seek inpatient treatment. On 8/12/2005, the Court accepted the offender's admissions to all of the violations, held the matter in abeyance, continued supervised release, and imposed the following special conditions:



That the defendant shall participate in The Salvation Army Adult Rehabilitation Center's residential treatment program until clinically discharged.

On 8/26/2005, at a further order to show cause hearing, the offender appeared for revocation proceedings and admitted: that on or about 8/18/2005, he failed to participate in the Salvation Army Adult Rehabilitation Center's residential treatment program until clinically discharged. The Court revoked supervised release and sentenced the offender to 7 months of imprisonment and 29 months of supervised release with the following special conditions:

1) That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2) That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4) That the defendant serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant shall obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

5) That the defendant reside on the island of Oahu and not travel or relocate to the island of Maui without the prior approval of the Probation Office.

6) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. That on 12/6/2006, the offender refused to comply with drug testing, in violation of Special Condition No. 1.

Prob 12C
(Rev. 3/95 D/HI)

3

2. That on or about 11/29/2006, and in or about August 2006, the offender traveled to the island of Maui without the prior approval of the Probation Office, in violation of Special Condition No. 5.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/7/06

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 7th day of December, 2006, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
Chief U.S. District Judge

Re:     FRANCO, Kawika W.
        Criminal No. CR 03-00223HG-01
        REVOCATION OF SUPERVISED RELEASE

## STATEMENT OF FACTS

The offender pled guilty to Count 1: Illegal Possession of a Firearm by a Person Convicted of a Domestic Violence Misdemeanor, a Class C felony. During the commission of the instant offense, the offender fired a shotgun out of his vehicle, approximately 4 to 5 times in the parking lot of a local nightclub of the Grand Wailea Hotel on Maui. On 1/28/2004, he was sentenced to 27 months imprisonment and 3 years supervised release with the special conditions noted in the petition. The first term of supervised release began on 4/11/2005. However, on 8/26/2005, the Court revoked supervised release and imposed 7 months of imprisonment and 29 months of supervised release. The offender began his second term of supervised release on 1/23/2006. The offender now appears before the Court because he traveled to Maui without the permission of the Probation Office. More significantly, the offender requested to be returned to custody in lieu of continuing on supervised release.

As to the offender's supervision adjustment upon his release, the offender entered Mahoney Hale, secured full-time employment at a landscaping company, and began substance abuse treatment. While residing at Mahoney Hale, the offender did not incur any violations. Based on his significant progress at Mahoney Hale, the offender was allowed to enter First Life After Prison (First LAP) residential program. While residing at First LAP, the offender attended weekly counseling sessions with a psychiatrist, participated in a men's group through Word of Life church, and eventually secured full-time employment with Innovative Playground and Recreation. In addition, the offender continued to participate in substance abuse counseling at Freedom Recovery Services (FRS), where he submitted approximately 25 urine specimens, all of which were negative for illicit drugs. The offender thrived in this structured living environment.

On 8/23/2006, the offender graduated from First LAP and subsequently moved into a stable home environment with his aunt. However, shortly thereafter, the offender was terminated from employment with Innovative Playground and Recreation for leaving his worksite without permission and failing to return to work. The offender's explanation was that he ultimately wanted to move back to Maui. Despite this setback, the Probation Office made an effort to counsel the offender and assist him in securing employment by referring him to the Probation Office's Ho'olana Employment Program. The offender appeared to be making a sincere effort to secure employment. Nonetheless, on 12/7/2006, during a follow up telephone call to the offender to question him about his missed drug test on 12/6/2006, the offender informed this officer that he was on Maui without permission of the Probation Office and wished to be violated in order to be revoked with no supervision to follow so that he may return to Maui. The violations are as follows:

Re:     FRANCO, Kawika W.
        Criminal No. CR 03-00223HG-01
        REVOCATION OF SUPERVISED RELEASE
        STATEMENT OF FACTS - Page 2

**Violation No. 1 - Refusing to Comply With Drug Testing**: On 12/6/2006, the offender refused to comply with drug testing. The missed drug test was a result of the offender's willful travel to Maui in spite of Special Condition No. 5. Based on his admission, he willfully traveled to Maui as a means to violate the supervision conditions and be returned to custody with the hope of not being placed on a further term of supervised release. Because of the offender's willful behavior, he is charged with refusing to comply with drug testing.

**Violation No. 2 - Travel to Maui Without Permission**: During a telephone call to the offender on 12/7/2006 regarding the missed drug test on 12/6/2006, the offender admitted that he had traveled to Maui without permission of our office, on or about 11/29/2006. The offender would not disclose his whereabouts, but stated that he was willing to accept the consequences for this violation. Despite this officer's attempt to counsel the offender and instruct him to return to Oahu to address the violations, the offender requested to be violated stating that his ultimate goal was to serve a prison sentence with no additional supervised release so that he may return to Maui.

Prior to the aforementioned violation, on 8/14/2006, during an interview at the Probation Office, the offender admitted to U.S. Probation Officer Joyce Lum that during the weekend of 8/4/2006 and 8/5/2006, he traveled to Maui to visit his grandparents. The offender did not have permission to travel to Maui.

Re: FRANCO, Kawika W.
Criminal No. CR 03-00223HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 3

Based on the offender's violations and refusal to comply with the terms of supervision, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

LKTJ/ct

Re:  FRANCO, Kawika W.
     Criminal No. CR 03-00223HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

Case 1:03-cr-00223-HG   Document 53   Filed 12/07/2006   Page 9 of 11

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:  Kawika W. Franco                                      Docket No. CR 03-00223HG-01

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii. The defendant's term of supervision is for a period of TWENTY-NINE (29) MONTHS commencing upon release from confinement (1/25/06).

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

      The defendant shall not commit another federal, state, or local crime.

      That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)      The defendant shall support his or her dependents and meet other family responsibilities;

(5)      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)      The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)      The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)      The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)      The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)      The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)      The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)      As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Kawika Franco_      1-4-06
                KAWIKA W. FRANCO               Date
                     Defendant

_[signature]_      1.4.06
                LISA K.T. JICHA                Date
                 U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   FRANCO, Kawika W.
      Docket No. CR 03-00223HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1. That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant shall obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

5. That the defendant reside on the island of Oahu and not travel or relocate to the island of Maui without the prior written approval of the Probation Office.

6. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    1-4-06
           KAWIKA W. FRANCO                   Date
               Defendant

_____              1.4.06
           LISA K.T. JICHA                    Date
           U.S. Probation Officer