Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL

# SEALED BY THE ORDER OF THE COURT

## United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 21 2007

at 12 o'clock and 05 min. P.M.
SUE BEITIA, CLERK

U.S.A. vs. KAWIKA W. FRANCO                Docket No. CR 03-00223HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KAWIKA W. FRANCO who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 28th day of January 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program, including anger management, at the discretion and direction of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**Revocation**: On 6/24/2005, the offender appeared for revocation proceedings and admitted: 1) that on 5/26/2005, he used methamphetamine on or about 5/22/2005, and that on 6/9/2005, he used methamphetamine on or about 6/7/2005; and 2) that on 6/8/2005, he refused to comply with drug testing. The Court allowed defense counsel a 30-day continuance to seek inpatient treatment. On 8/12/2005, the Court accepted the offender's admissions to all of the violations, held the matter in abeyance, continued supervised release, and imposed the following special conditions:

SEALED BY ORDER OF THE COURT

That the defendant shall participate in The Salvation Army Adult Rehabilitation Center's residential treatment program until clinically discharged.

On 8/26/2005, at a further order to show cause hearing, the offender appeared for revocation proceedings and admitted: that on or about 8/18/2005, he failed to participate in the Salvation Army Adult Rehabilitation Center's residential treatment program until clinically discharged. The Court revoked supervised release and sentenced the offender to 7 months of imprisonment and 29 months of supervised release with the following special conditions:

1) That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2) That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4) That the defendant serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant shall obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

5) That the defendant reside on the island of Oahu and not travel or relocate to the island of Maui without the prior approval of the Probation Office.

6) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**Revocation**: On 12/18/2006, the offender appeared for revocation proceedings and admitted 1) that on 12/6/2006, the offender refused to comply with drug testing; and 2) that in August 2006, and on or about 11/29/2006, the offender traveled to the island of Maui without the prior approval of the Probation Office. The Court accepted the offender's admissions to all of the violations, revoked supervised release, and sentenced the offender to 5 months imprisonment with 20 months of supervised release and the following special conditions:

1) That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2) That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3) That the defendant participate in a mental health program, including anger management, at the discretion and direction of the Probation Office.

4) That the defendant serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

5) That the defendant reside on the island of Oahu and not travel or relocate to the island of Maui without the prior approval of the Probation Office.

6) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of his Supervised Release (Judgment attached) as follows:

1. That on 5/18/2007, the offender failed to return to the Mahoney Hale program, and therefore failed to serve up to 6 months community confinement, in violation of Special Condition No. 4.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     5/21/07

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

5

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 21st day of May, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:   **FRANCO, Kawika W.**
      **Criminal No. CR 03-00223HG-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 1: Illegal Possession of a Firearm by a Person Convicted of a Domestic Violence Misdemeanor, a Class C felony. On 1/28/2004, he was sentenced to 27 months imprisonment and 3 years supervised release with the special conditions noted in the petition.

The first term of supervised release began on 4/11/2005. This term was revoked on 8/26/2005. The Court imposed 7 months of imprisonment and 29 months of supervised release. The offender began his second term of supervised release on 1/23/2006. However on 12/18/2006, the offender made his second appearance before the Court for revocation proceedings when he traveled to Maui without the permission of the Probation Office. On 5/10/2007, the offender was released from custody to Mahoney Hale, to begin his third term of supervised release. However, 8 days into his supervised release term, the offender absconded from Mahoney Hale. The violation is as follows:

**Violation No. 1 - Failure to Return to the Mahoney Hale Program and Serve up to 6 Months of Community Confinement:** On 5/18/2007, the offender failed to return to Mahoney Hale, from job search, at 4:30 p.m. As of this date, the offender has not returned to Mahoney Hale. As a result, the offender was terminated from the program.

Based on the offender's violation and refusal to comply with the terms of supervision, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
LISA K.T. JICHA
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Re:  FRANCO, Kawika W.
     Criminal No. CR 03-00223HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 2

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

    There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

APPV

AO 245D   (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 27 2006

at 3 o'clock and 40 min. P M
SUE BEITIA, CLERK

RECEIVED
DEC 27 2006
U.S. PROBATION OFFICE
HONOLULU, HAWAII

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**KAWIKA W. FRANCO**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number:   1:03CR00223-001
USM Number:   90474-022
Donna M. Gray, AFPD
Defendant's Attorney

## THE DEFENDANT:
[✓]   admitted guilt to violation of   Special Conditions No. 1 and 5   of the term of supervision.
[ ]   was found in violation of condition(s) ____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) ____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:   6577

Defendant's Residence Address:

Kapolei, Hawaii 96707

Defendant's Mailing Address:

Kapolei, Hawaii 96707

December 18, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

12-27-06
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER: 1:03CR00223-001
DEFENDANT: KAWIKA W. FRANCO

Judgment - Page 2 of 5

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | That on 12/06/2006, the offender refused to comply with drug testing. | |
| 2 | That on or about 11/29/2006, and in or about August 2006, the offender traveled to the island of Maui without the prior approval of the Probation Office. | |

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

CASE NUMBER:    1:03CR00223-001                 Judgment - Page 3 of 5
DEFENDANT:    KAWIKA W. FRANCO

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 5 MONTHS.

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                                                       UNITED STATES MARSHAL

                                            By          _____
                                                               Deputy U.S. Marshal

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
        Sheet 3 - Supervised Release

CASE NUMBER:  1:03CR00223-001                                        Judgment - Page 4 of 5
DEFENDANT:    KAWIKA W. FRANCO

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 20 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER: 1:03CR00223-001
DEFENDANT: KAWIKA W. FRANCO

Judgment - Page 5 of 5

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3. That the defendant participate in a mental health program, including anger management, at the discretion and direction of the Probation Office.

4. That the defendant serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

5. That the defendant reside on the island of Oahu and not travel or relocate to the island of Maui without the prior approval of the Probation Office.

6. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant _____ Date 4/11/07

United States Probation Officer _____ Date 4/11/07